[765 NYS2d 47]

In the Matter of YITZCHOK DAVID WAGSHUL, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 15, 2003

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Jerome Karp*, Brooklyn, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing six charges of professional misconduct. The Special Referee sustained all six charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. The respondent has submitted an affirmation in partial opposition to the Special Referee's report and requests that the Court impose such discipline as it deems appropriate under the circumstances.

Charge One alleges that the respondent commingled personal funds with funds entrusted to him as a fiduciary incident to his practice of law, in his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

The respondent maintained an attorney escrow account at Fleet Bank entitled "Yitzchok David Wagshul, Esq., Attorney Trust Account IOLA." Between approximately August 1999 and May 2000, the respondent deposited personal funds into his attorney escrow account. During that time, the respondent maintained funds entrusted to him as a fiduciary incident to his practice of law in that same account.

Charge Two alleges that the respondent engaged in conduct involving fraud, deceit, or misrepresentation, which was prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (5) (22 NYCRR 1200.3 [a] [4], [5]).

In or about July 1999, one of the respondent's creditors obtained a judgment against him in a civil proceeding resulting in the attachment of funds in his personal account. On or about December 15, 1999, the respondent established a domestic registered limited liability partnership with the New York State Department of State Division of Corporations, entitled "New York Elder Law Group, LLP." The respondent had no partners in that group.

On or about March 30, 2000, the respondent established a checking account at Fleet Bank entitled "New York Elder Law

Group, LLP." From approximately July 1999 through September 2000, the respondent maintained no bank account other than his attorney escrow account and his "New York Elder Law Group, LLP" account. From approximately March 30, 2000, through September 14, 2000, the respondent deposited legal fees into his "New York Elder Law Group, LLP" account. The respondent established that bank account in an effort to prevent his creditors from locating his assets and executing judgments obtained against him. Between approximately May 1999 and April 2000, the respondent drew checks for personal expenses directly to named payees, totaling in excess of $4,000, from his attorney escrow account. The respondent also deposited personal funds into his attorney escrow account in order to prevent his creditors from locating his assets and executing judgments obtained against him.

Charge Three alleges that the respondent improperly used his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]).

Between February 24, 1999, and April 14, 2000, the respondent made various deposits totaling approximately $15,000 into his attorney escrow account which represented loans or gifts from his mother. Between in or about May 1999 and April 2000, the respondent drew from his attorney escrow account checks for personal expenses directly to named payees, totaling in excess of $4,000.

Charge Four alleges that the respondent improperly made cash withdrawals and drew a check to cash from his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]).

Between approximately September 1996 and January 1997, the respondent withdrew cash totaling $1,220 from his attorney escrow account on ATM machines. On or about December 21, 1998, the respondent drew a check in the amount of $100 upon his attorney escrow account, payable to cash.

Charge Five alleges that the respondent failed to maintain required records for his attorney escrow account into which he had deposited funds entrusted to him as a fiduciary incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (d) (1) and (2) (22 NYCRR 1200.46 [d] [1], [2]).

The respondent failed to contemporaneously maintain a ledger book or similar record for his attorney escrow account showing the source of all funds deposited therein, the names of

all persons for whom funds were held, the amount of such funds, the charges or withdrawals from the account, and the names of all persons to whom such funds were disbursed.

Charge Six alleges that the respondent improperly practiced law under a trade name and improperly identified himself as a partner, in violation of Code of Professional Responsibility DR 2-102 (a) (1) and (4); (b) and (c) (22 NYCRR 1200.7 [a] [1], [4]; [b], [c]).

Respondent's business cards and stationery for his law practice bore the words "New York Elder Law Group, LLP."

Based on the evidence adduced, the Special Referee properly sustained all six charges. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that he did not hide any assets from creditors and did not surreptitiously transfer funds. He acknowledged his debts and attempted to satisfy each obligation in accordance with his financial means. He did not opt to declare bankruptcy in order to avoid his debts. The respondent maintains that he has corrected each of his errors and now maintains his escrow account in accordance with all governing rules. The respondent has submitted a number of character references attesting to his honesty and integrity. He asserts that no client has suffered any harm as a result of any of his mistakes. Per the respondent, whatever errors he has committed do not demand a severe rebuke.

The respondent notes that he was not trying to shelter assets but was simply trying to feed his family of seven children and keep a roof over their heads. He submits that his own difficulties with Crohn's disease and his son's mental problems prevented him from finalizing a payment agreement with a creditor.

The petitioner informs the Court that the respondent has no prior disciplinary history.

Balancing the severity of the respondent's misconduct, the absence of harm to any client, and his previously unblemished record, the respondent is suspended from the practice of law for a period of three years.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FLORIO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Yitzchok David Wagshul, is suspended from the practice of law for a period of three years,

commencing October 15, 2003, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years, upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), and (3) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Yitzchok David Wagshul, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.